UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

In Re:                                                          Chapter 7

Jaklin Mecanik,                                                 Case No. 812-70420-478
                                                                Judge Dorothy T. Eisenberg

                                    Debtor.
-------------------------------------------------------------X
ANDREW M. THALER, Chapter 7 Trustee
for the Estate of Jaklin Mecanik,
                                                                Adversary Proceeding
                                    Plaintiff,                  No.: 813-

                -against-

JAKLIN MECANIK,

                                    Defendant
-------------------------------------------------------------x

## COMPLAINT

Plaintiff Andrew M. Thaler, Chapter 7 Trustee of the Estate of Jaklin Mecanik, as

and for his complaint against the Defendant, Debtor Jaklin Mecanik, alleges as follows:

## THE PARTIES

1. Jaklin Mecanik (the "Defendant" or "Debtor") filed a voluntary petition

under Chapter 7 of the United States Bankruptcy Code (the "Code") on or about

January 30, 2012 (the "Petition Date").

2. Plaintiff, Andrew M. Thaler (the "Plaintiff" or "Trustee") is the Chapter

7 Trustee for the Debtor's Bankruptcy Estate (the "Estate"), duly qualified and acting as

such.

3.  Defendant is an individual residing in the State of New York, County of Nassau.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334.

5.  This is a core proceeding under 28 U.S.C. §157(b)(2)(A), *et seq.*

6.  This Court is the proper venue for this adversary proceeding pursuant to 28 U.S.C. §1409(a).

7.  This adversary proceeding relates to the Chapter 7 Bankruptcy proceeding initiated by the Debtor in this Court.

8.  This adversary proceeding is brought pursuant to 11 U.S.C. §727(a)(2), (3), (4), (5) and (6); and 11 U.S.C. §542.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9.  The Debtor filed her Bankruptcy Schedules on February 16, 2012 (the "Schedules"). Thereafter, the Debtor amended her Schedules on April 18, 2012 and September 11, 2012 (the "Amended Schedules").

10.  Upon review of the petition, Schedules and Amended Schedules of the Debtor, and during the examination of the Debtor at the Section 341 Meetings of Creditors, held on March 8, 2012 and April 19, 2012, the Trustee learned that the Debtor had potential interests in real properties, corporations and other assets which were not listed on the Debtor's petition.

11.  By letter dated April 25, 2012, the Trustee, through his counsel, requested all documentation concerning the Debtor's matrimonial action, as well as tax returns and deeds (the "April Requests").

12.  The Debtor failed to respond to the Trustee's April Requests.

13.  After completing a public records search for potential assets of the Debtor, by letter dated July 12, 2012, the Trustee requested additional documents regarding thirteen (13) real properties in which the Debtor may have an interest, as well as documents regarding twenty-one (21) corporations in which the Debtor may have an interest, together with documents and information regarding other potential assets. The Trustee also renewed his April Requests (the "July Requests").

14.  Having received no response to the April Requests and the July Requests, the Trustee made an application on or about December 21, 2012, to the Bankruptcy Court seeking an Order compelling the Debtor to turnover the requested documents and information (the "Motion to Compel").

15.  On January 24, 2013, the Court signed and entered an Order compelling the Debtor to turn over all documents and information previously requested by the Trustee by no later than February 8, 2013 (the "January 24, 2013 Order").

16.  The Debtor has failed to turn over the majority of the documents and information requested by the Trustee as directed by the Court in the January 24, 2013 Order.

17.  The Debtor is under an implicit and explicit duty to cooperate with the Plaintiff in order to obtain the privilege of receiving a discharge of her unsecured debts.

18.  By failing to turn over the information demanded by the Trustee in the April Requests and July Requests as Ordered by the Court in the January 24, 2013 Order, the Debtor's conduct was calculated to and did in fact impair, impede and hinder the Plaintiff's administration of Debtor's Bankruptcy Estate.

19.  Upon information and belief, the Debtor is an owner or co-owner of a certain timeshare cooperative or condominium unit located at the Hilton, 1335 Avenue of the Americas, New York, New York (the "Hilton Time Share"). '

20.  The Debtor did not list any ownership interest in the Hilton Time Share on her Schedules or Amended Schedules.

21.  Upon information and belief, the Debtor collected rents for one or more of the real properties listed on her Schedules and/or Amended Schedules.

22.  Upon information and belief, as of the Petition Date, the Defendant, either individually or through one or more corporations owned in whole or in part by the Defendant, was due monies from the rental of one or more parcels of real property.

23.  Upon information and belief, following the Petition Date, the Defendant, either individually or through one or more corporations owned in whole or in part by the Defendant, collected monies from the rental of one or more parcels of real property.

24.  The Debtor did not list any rental income in her Schedules or Amended Schedules.

25.  Upon information and belief, the Debtor is an owner or a co-owner of real property located at 107-109 Steamboat Road, Great Neck, New York.

26.  The Debtor did not list any ownership interest in 107-109 Steamboat Road, Great Neck, New York, in her Schedules or Amended Schedules.

27.  Upon information and belief, the Debtor is an owner of or has an ownership interest in the company known as 306 Acquisition Corp.

28.  The Debtor did not list any ownership interest in 306 Acquisition Corp. in her Schedules or Amended Schedules.

29.  Upon information and belief, the Debtor is the owner or has an ownership interest in other and further assets and interests of value which were not listed in her Schedules or Amended Schedules.

### AS AND FOR A FIRST CAUSE OF ACTION DENYING
### THE DEBTOR A DISCHARGE PURSUANT TO 11 U.S.C. §727(A)(2)

30.  Plaintiff repeats and reiterates each and every allegation set forth above in the Paragraphs numbered "1" through "29" of this Complaint with the same force and effect as if fully set forth herein at length.

31. In her Schedules and Amended Schedules, the Debtor failed to list rental income received by the Debtor from real property owned, in whole or in part by the Debtor, either individually or through one or more corporations (the "Rental Income").

32.  Upon information and belief, at least a portion of the Rental Income received by the Debtor constitutes property of the Debtor's bankruptcy estate pursuant to 11 U.S.C. §541.

33.  The Defendant has never turned any portion of the Rental Income over to the Trustee.

34.  Defendant, with the intent to hinder, delay or defraud her creditors or the Trustee, has transferred, removed, destroyed, mutilated or concealed, or has permitted to be transferred, removed, destroyed, mutilated or concealed, property of the estate after the Petition Date.

35.  By virtue of the foregoing, the Defendant's discharge should be denied pursuant to 11 U.S.C. §727(a)(2)(B).

### AS AND FOR A SECOND CAUSE OF ACTION DENYING THE DEBTOR A DISCHARGE PURSUANT TO 11 U.S.C. §727(A)(3)

36.  Plaintiff repeats and reiterates each and every allegation set forth above in the Paragraphs numbered "1" through "35" of this Complaint with the same force and effect as if fully set forth herein at length.

37.  The Debtor has failed to turn over information, documents and records demanded by the Trustee, and has failed to offer any excuse for her failure to provide documents and/or information.

38.  The Defendant has concealed, destroyed, mutilated, falsified or failed to keep or preserve recorded information, including books, documents, records and

papers, from which her financial condition or business transactions might be ascertained.

39. The Debtor's concealment, destruction, mutilation, falsification or failure to keep or preserve recorded information, including books, documents, records and papers, from which her financial condition or business transactions might be ascertained is not justified under the circumstances of this case.

40. By virtue of the foregoing, the Defendant's discharge should be denied pursuant to 11 U.S.C. §727(a)(3).

## AS AND FOR A THIRD CAUSE OF ACTION DENYING THE DEBTOR A DISCHARGE PURSUANT TO 11 U.S.C. §727(A)(4)

41. Plaintiff repeats and reiterates each and every allegation set forth above in the Paragraphs numbered "1" through "40" of this Complaint with the same force and effect as if fully set forth herein at length.

42. In her Schedules and Amended Schedules, the Defendant failed to disclose certain assets and interests of value which could be sold for the benefit of Defendant's creditors.

43. In her Schedules and Amended Schedules, the Defendant failed to disclose rental income due to the Defendant, either individually or through one or more corporations owned in whole or in part by the Defendant, from the rental of one or more parcels of real property.

44. The Defendant, knowingly and fraudulently, in, and in connection with, her bankruptcy case, made a false oath or account.

45. By virtue of the foregoing, the Defendant's discharge should be denied pursuant to 11 U.S.C. §727(a)(4).

## AS AND FOR A FOURTH CAUSE OF ACTION DENYING
## THE DEBTOR A DISCHARGE PURSUANT TO 11 U.S.C. §727(A)(5)

46. Plaintiff repeats and reiterates each and every allegation set forth above in the Paragraphs numbered "1" through "45" of this Complaint with the same force and effect as if fully set forth herein at length.

47. The Defendant has failed to produce documentation which would explain the disposition of Rental Income received by the Debtor and/or one or more corporations owned, in whole or in part, by the Debtor.

48. The Defendant has failed to satisfactorily explain any loss of assets or deficiency of assets to meet her liabilities.

49. By virtue of the foregoing, the Defendant's discharge should be denied pursuant to 11 U.S.C. §727(a)(5).

## AS AND FOR A FIFTH CAUSE OF ACTION DENYING
## THE DEBTOR A DISCHARGE PURSUANT TO 11 U.S.C. §727(A)(6)

50. Plaintiff repeats and reiterates each and every allegation set forth above in the Paragraphs numbered "1" through "49" of this Complaint with the same force and effect as if fully set forth herein at length.

51. In the January 24, 2013 Order, the Defendant was directed by the Court to turn over certain documents and information demanded by the Plaintiff.

52. The Defendant has failed to turn over the majority of the documents and information demanded by the Plaintiff in the April Requests and July Requests as Ordered by the Court.

53. The Defendant has refused to comply with the January 24, 2013 Order of this Court.

54. By virtue of the foregoing, the Defendant's discharge should be denied pursuant to 11 U.S.C. §727(a)(6).

## AS AND FOR A SIXTH CAUSE OF ACTION FOR AN ACCOUNTING

55. Plaintiff repeats and reiterates each and every allegation set forth above in the Paragraphs numbered "1" through "54" of this Complaint with the same force and effect as if fully set forth herein at length.

56. In her Schedules and Amended Schedules, and as set forth above in Paragraphs "19" through "29," the Debtor failed to list her interests in, and ownership of, certain real properties, corporations and other assets (the "Undisclosed Assets"), as well as the Rental Income.

57. Pursuant to 11 U.S.C. §541, the Undisclosed Assets and Rental Income are property of the Estate which the Trustee has the obligation to take possession of and distribute for the benefit of creditors of the Estate in accordance with the provisions of the Bankruptcy Code.

58. Pursuant to Bankruptcy Rule 4002(4), the Debtor is under a duty to cooperate with the Trustee in the administration of the Estate.

59.  Pursuant to 11 U.S.C. §542, the Debtor is under a duty to account for all property of the Estate.

60.  By virtue of the foregoing, the Trustee is entitled to an accounting from the Debtor of all Undisclosed Assets and Rental Income.

### AS AND FOR A SEVENTH CAUSE OF ACTION FOR
### TURNOVER OF PROPERTY OF THE ESTATE

61.  Plaintiff repeats and reiterates each and every allegation set forth above in the Paragraphs numbered "1" through "60" of this Complaint with the same force and effect as if fully set forth herein at length.

62.  The Debtor has failed to list her Undisclosed Assets and Rental Income in her Schedules and Amended Schedules.

63. The aforesaid Undisclosed Assets and Rental Income are property of the Estate which the Trustee has the obligation to take possession of and distribute for the benefit of creditors of the Estate in accordance with the provisions of the Bankruptcy Code.

64.  By virtue of the foregoing, and pursuant to 11 U.S.C. §542, the Trustee is entitled to the turnover of the Undisclosed Assets and Rental Income, plus interest, costs and fees, in an amount to be determined at the trial of this action.  In the alternative, the Trustee is entitled to a money judgment in the amount of the value of the Undisclosed Assets and Rental Income, plus interest, costs and fees, in an amount to be determined at the trial of this action.

WHEREFORE, Plaintiff respectfully requests the entry of an Order and

Judgment:

A.    On the First Claim for Relief, denying the Debtor's Discharge pursuant to 11 U.S.C. §727(a)(2);

B.    On the Second Claim for Relief, denying the Debtor's Discharge pursuant to 11 U.S.C. §727(a)(3);

C.    On the Third Claim for Relief, denying the Debtor's Discharge pursuant to 11 U.S.C. §727(a)(4);

D.    On the Fourth Claim for Relief, denying the Debtor's Discharge pursuant to 11 U.S.C. §727(a)(5);

E.    On the Fifth Claim for Relief, denying the Debtor's Discharge pursuant to 11 U.S.C. §727(a)(6);

F.    On the Sixth Claim for Relief, ordering an accounting from the Debtor of all Undisclosed Assets and Rental Income pursuant to 11 U.S.C. §542;

G.    On the Seventh Claim for Relief, ordering the Debtor to turn over all property of the Estate to the Trustee, or, in the alternative, for a money judgment for the value of the Undisclosed Assets and Rental Income, together with interest, costs and fees, in an amount to be determined at the trial of this action pursuant to 11 U.S.C. §542; and

H.    For such other and further relief as this Court de deems just and proper.

Dated: East Meadow, New York
         March 18, 2013

                                        THALER GERTLER LLP
                                        *Attorneys for Plaintiff Andrew M. Thaler,*
                                        *Chapter 7 Trustee*
                                        90 Merrick Avenue, Suite 400
                                        East Meadow, New York 11554
                                        (516) 228-3553

                                        By: _____
                                             Kim D. Victor

W:\Clients A-Z\Clients K-N\Mecanik,Jeklin\Adversary Proceeding\Pleadings\Complaint.wpd