**Pryor & Mandelup, L.L.P.**
**Attorneys for Andrew M. Thaler, Plaintiff and Chapter 7 Trustee**
**J. Logan Rappaport, Esq.**
**675 Old Country Road**
**Westbury, New York 11590**
**(516) 997-0999**
**LR@pryormandelup.com**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
*In re*                                             Chapter 7

    JAKLIN MECANIK,                         Case No. 8-12-70420-dte
                    Debtor.
-----------------------------------------------------------------x
ANDREW M. THALER, Chapter 7 Trustee of the
Estate of Jaklin Mecanik,

        - against -                              Adv. Pro. No. 8-13-08033-dte

JAKLIN MECANIK,

        Defendant.
-----------------------------------------------------------------x

### TRUSTEE'S MOTION PURSUANT TO BANKRUPTCY RULE 9019(a) FOR AN ORDER APPROVING THE STIPULATION <u>OF SETTLEMENT BETWEEN THE TRUSTEE AND DEBTOR</u>

**TO:   THE HONORABLE DOROTHY T. EISENBERG,
       UNITED STATES BANKRUPTCY JUDGE:**

        Andrew M. Thaler, Esq. ("Plaintiff" or "Trustee"), the Chapter 7 trustee of the bankruptcy estate ("Estate") of Jaklin Mecanik (the "Debtor") and the plaintiff in the above-captioned adversary proceeding ("Adversary Proceeding"), by his counsel, Pryor & Mandelup, L.L.P., by this motion seeks the entry of an Order, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"): (i) approving the pre-fixed Stipulation of Settlement, dated December 19, 2013 (the "Stipulation"), by and between the Trustee and Debtor, the defendant in the Adversary Proceeding, resolving and settling the Adversary Proceeding as Debtor consents

1

to the denial of her discharge, pursuant to 11 U.S.C. § 727(a)(3), (5), and (6), and (iii) for such other and further relief as the Court may deem just and proper, respectfully sets forth and represents as follows:

## BACKGROUND

1. On January 30, 2012 (the "Filing Date"), Debtor filed a voluntary petition for relief from her creditors pursuant to Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code").  Plaintiff was then appointed interim Chapter 7 trustee of Debtor's Estate.

2. On February 28, 2012, a first meeting of creditors (the "First Meeting") pursuant to 11 U.S.C. § 341 was held, at which time Plaintiff qualified as permanent trustee of Debtor's Estate.  The First Meeting was adjourned to March 8, 2012 so that Debtor could retain an attorney.

3. Debtor's bankruptcy petition, as initially filed, failed to include any schedules other than Schedule "D" and did not include a Statement of Financial Affairs.  As such, on January 31, 2012, a Notice of Deficient Filing was issued by the Bankruptcy Court Clerk.

4. On February 16, 2012, Debtor filed, *inter alia*, an Affidavit Pursuant to Local Rule 1007-1(b), Schedules "A", "B", "C", "E", "F", "G", "H", "I", "J" and a Statement of Financial Affairs ("SOFA").

5. According to Schedule "A", Debtor alleged to have an interest in only two real properties, which were located at 57 Steamboat Road, Great Neck, New York and 7 Allen Lane, Great Neck, New York. In Schedule "B", Debtor indicated that she was currently involved in a matrimonial action that was pending in the Supreme Court of the State of New York, County of

Nassau (the "Matrimonial Action"). Additionally, in response to Number 13 of Schedule "B" which called for Debtor to list any and all stock and interests in incorporated and unincorporated businesses, Debtor answered "none". Debtor failed to list a single creditor on Schedules "E" and "F" and listed only a single unexpired lease on Schedule "G". Debtor also failed to list any co-debtor on Schedule "H".

6. Debtor's SOFA failed to disclose any income received by Debtor from employment, operation of business or otherwise in the two (2) years prior to the Filing Date. Meanwhile, in response to SOFA No. 18, Debtor listed two businesses in which she had an interest: (i) King Kosher Food, a pizza restaurant that allegedly closed in 2010; and, (ii) Great Greens, Inc., a real estate business that Debtor indicated was still operating as of the Filing Date.

7. On March 8, 2012, the adjourned First Meeting was held and Debtor appeared with newly retained counsel. During the course of his examination of Debtor, Debtor testified that she had managed various real properties on behalf of her husband, Sharok Jacobi and Plaintiff requested that Debtor produce a schedule describing all corporations in which Debtor had an interest and all real properties that these corporations supposedly managed and/or owned, as well as a copy of the pleadings in the Matrimonial Action.

8. On April 18, 2012, Debtor filed amendments to Schedules "A" and "F" and the SOFA. Debtor again only listed the same two Great Neck properties that were identified in her initial Schedule "A". In her amended SOFA, Debtor amended her response to No. 18 to include an interest in two additional businesses, Ahsan Realty Corp. ("Ahsan Realty") and S&J Capital Corp. ("S&J Capital").

9. By letter, dated April 25, 2012 (the "April Demand Letter"), to the Debtor's

counsel, Jose A. Polanco, Esq., Plaintiff requested that Debtor produce the following: (i) copies of all pleadings from the Matrimonial Action, including any Net Worth Statement; (ii) a copy of the trust agreement about which Debtor previously testified; (iii) a copy of Debtor's Social Security card; (iv) copies of Debtor's last filed federal and state income tax returns; (v) copies of the deeds to 57 Steamboat, 7 Allen, and 15 Carriage Road, Great Neck, New York; and (vi) a copy of a certain IRS garnishment and restraint.

10.     The Debtor did not respond to the April Demand Letter.

11.     Plaintiff, by his counsel, conducted a Westlaw public records search, which identified a significant amount of real property and business interests that Debtor may have possessed and transactions to which she was a party. By letter, dated July 12, 2012 (the "July Demand Letter"), from Plaintiff's counsel to Debtor's substitute counsel, Allen Kolber, Esq., Plaintiff requested that Debtor produce, *inter alia,* the following: (i) all deeds, sale contracts, mortgage documents, lease agreements, transfer documents, assignments, and other documents reflecting the current ownership and purchase and sale of thirteen (13) real properties located in Great Neck, Far Rockaway, and Lawrence, New York; (ii) all agreements, contracts, leases, assignments, deeds, and other documents regarding a certain Hilton time share (the "Hilton Time Share") held by Debtor and/or Debtor's husband, Sharok Jacobi; (iii) various documents, including, but not limited to, articles of incorporation, by-laws, shares of stock, membership agreements and corporate kits regarding the ownership of and/or transfer of twenty-one (21) business entities, including, but not limited to, King Kosher Food Corp., Great Greens, Inc., Ahsan Realty, S&J Capital, Jaklin Mecanik, LLC (Inc.), Jacklyn Mechanic d/b/a Briarwood Associates, 550 Stewart Avenue Acquisition Corp., Taklin Mecanik, Inc., Beverly Hills Suites, LLC, Windsor Locks Family

Trust, Howard Johnson Beverly Hills Suites, LLC, and Bradley Hotel; (iv) all trust agreements for which Debtor is a grantor, trustee, and/or beneficiary; (v) Debtor's last filed state and federal income tax returns; (vi) various documents exchanged and/or filed in the Matrimonial Action, including, but not limited to, executed separation agreements, divorce agreements, the Judgment of Divorce, any Net Worth Statements, and any arbitration decisions; (vii) any warrants, judgments, garnishments or restraints from the IRS, New York Department of Taxation and Finance and/or any other taxing authority; and (viii) a copy of Debtor's Social Security card.

12. The Debtor failed to respond to the July Demand Letter.

13. On September 11, 2012, Debtor filed an amendment to Schedule "F" and the creditor matrix whereby she amended her bankruptcy schedules to add a single general unsecured creditor.

14. By letter (the "October Demand Letter"), dated October 23, 2012, to Debtor's counsel, Plaintiff, by his counsel, demanded that Debtor produce the documents and information requested in the July Demand Letter. Debtor failed to provide any documents in response to the October Demand Letter.

15. Consequently, on or about December 21, 2012, Plaintiff, by his counsel, filed a motion (the "Motion to Compel") seeking an order compelling Debtor to turn over the documents and information requested by Plaintiff in the April Demand Letter, July Demand Letter, and October Demand Letter. The Motion to Compel was served on Debtor and Debtor's counsel.

16. On January 24, 2013, the Court entered an Order (the "Order to Compel"), granting the Motion to Compel and ordering that Debtor turn over to Plaintiff the documents and information demanded by Plaintiff in the April Demand Letter and July Demand Letter on or before

February 8, 2013.

17. Debtor failed to turn over the majority of the documents and information that were required to be produced under the Order to Compel.

18. In light of the foregoing, Plaintiff, on or about March 18, 2013, filed and served a complaint (the "Complaint") against Debtor, commencing the Adversary Proceeding, seeking: (i) the denial of Debtor's discharge pursuant to 11 U.S.C. §§ 727(a)(2), (3), (4), (5), and (6); (ii) an accounting of various assets and rental income; and (iii) the turnover of all property of the Estate.

19. On April 17, 2013, Debtor, by her counsel, filed an answer (the "Answer") to the Complaint denying the allegations contained therein and asserted several affirmative defenses.

20. On or about August 6, 2013, Plaintiff filed and served a motion for summary judgment (the "Summary Judgment Motion") seeking the entry of judgment denying Debtor's discharge pursuant to 11 U.S.C. §§ 727(a)(2), (3), (4), (5), and (6).

21. Debtor advised through her counsel that she did not intend to oppose the Summary Judgment Motion and has no objection to the entry of judgment denying Debtor's discharge.

22. Since the Adversary Proceeding was commenced, Debtor has provided Plaintiff with an accounting of her assets and income. Furthermore, along with the additional documents provided by Debtor, Plaintiff's independent investigation has revealed that there are no non-exempt assets exceeding *de minimis* value for Debtor to turn over to Plaintiff. As such, Plaintiff's claims for an accounting and turnover are moot.

23. In light of the foregoing, Debtor and Plaintiff, through their respective

attorneys, have determined that the amicable settlement of the Adversary Proceeding is in the best interest of both parties.

24. The parties have engaged in substantial negotiations in order to reach a settlement of the Adversary Proceeding, without the cost and delays attendant to litigating the Estate's rights, and the Plaintiff, by his attorneys, has reviewed voluminous documentation that demonstrate that there are no non-exempt assets exceeding *de minimus* value to justify the Plaintiff's prosecution of the turnover claim.

25. Consequently, in light of the lack of value in the turnover and accounting causes of action, and as Debtor, by the Stipulation, has consented to the denial of her discharge in bankruptcy pursuant to 11 U.S.C. § 727(a)(3), (5) and (6), and in order to avoid the delay, uncertainty, and expenses of litigation, the Plaintiff has agreed to settle the Adversary Proceeding as against Debtor upon the terms and conditions as set forth in the Stipulation.

## **STIPULATION RESOLVING THE ADVERSARY PROCEEDING**

26. Pursuant to the Stipulation, Debtor has agreed to the denial of her right to a bankruptcy discharge pursuant to 11 U.S.C. § 727(a)(3), (5) and (6). Upon the Effective Date of the Stipulation, the Adversary Proceeding shall be discontinued with prejudice and without costs to either of the parties.

27. Moreover, no consideration has or will be paid to the Plaintiff or any person or entity on his behalf with respect to the settlement of the Adversary Proceeding. The undersigned counsel is filing an Affirmation, as required under EDNY Local Bankruptcy Rule 4004-1, to that effect.

## BASIS FOR THE RELIEF REQUESTED

28. Bankruptcy Rule 9019(a), which governs the approval of compromises and settlements, provides:

> (a) Compromise. On motion by the Trustee and after notice and hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States Trustee, the Debtor, and indenture Trustees as provided in Rule 2002 and to any other entity as the court may direct.

29. In approving a compromise of settlement, the bankruptcy court is required to make an "informed and independent judgment" as to whether the compromise or settlement is fair and equitable based on an:

> [e]ducated estimate of the complexity, expense and likely duration of [any] litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to full unfair assessment of the wisdom of the proposed compromise. Basic to this process, in every instance, of course, is the need to compare the terms of the compromise with the likely rewards of litigation.

*Protective Committee for Independent Stock Holders of TMT Trailer Ferry, Inc. v Anderson*, 390 U.S. 414, 424-425, 88 S.C.T. 1157, 1163 (1968).

30. A settlement or compromise may be approved by a bankruptcy court if it is "fair and equitable", which depends on whether the settlement or compromise does not "fall below the lowest level of reasonableness." *In re Nina Marie Barbieri*, 2009 Bankr. LEXIS 4095, * 17 (Bankr. E.D.N.Y. 2009) (quoting *In re International Distribution Centers, Inc.* 103 B.R. 420 (Bankr. S.D.N.Y.1989)).

31. As Debtor is consenting to the denial of her right to a discharge in bankruptcy,

and as there are no non-exempt assets capable of being turned over by Debtor to Plaintiff, Plaintiff believes that the settlement is fair and equitable and represents a reasonable exercise of his business judgment.

32. Accordingly, Plaintiff recommends that the Court approve the Stipulation settling the Adversary Proceeding.

## **NOTICE**

33. Plaintiff, by his attorneys, has served the Notice of Presentment, this Motion, and the Stipulation, upon (i) Debtor, (ii) Debtor's counsel, (iii) the Office of the United States Trustee, (iv) all entities that have properly served and filed notices of appearance in the Debtor's Chapter 7 case and in the Adversary Proceeding, (v) and all creditors of the Debtor's Estate as set forth in the schedules filed by the Debtor with the Court and the Proofs of Claim failed in her bankruptcy case.

**WHEREFORE,** Plaintiff respectfully requests that this Court enters an Order (i) approving the Stipulation, and (ii) granting such other and further relief as this court deems just and proper.

Dated: Westbury, New York  
       January 7, 2014

PRYOR & MANDELUP, L.L.P.  
Attorneys for Andrew M. Thaler, Chapter 7 Trustee and Plaintiff

By:    */s/ **J. Logan Rappaport***  
        J. Logan Rappaport  
    675 Old Country Road  
    Westbury, New York 11590  
    (516) 997-0999