UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
*In re*                                                                      Chapter 7

        JAKLIN MECANIK,

                                                         Case No. 8-12-70420-dte

                            Debtor.
---------------------------------------------------------------x
ANDREW M. THALER, Chapter 7 Trustee of the
Estate of Jaklin Mecanik,


                 - against -                                Adv. Pro. No. 8-13-08033-dte


JAKLIN MECANIK,

                                Defendant.
---------------------------------------------------------------x

## **STIPULATION OF SETTLEMENT AND ORDER**

**IT IS HEREBY STIPULATED AND AGREED,** this _19_ day of December, 2013, by and between the undersigned attorneys for Andrew M. Thaler, Esq. ("Plaintiff"), the plaintiff in the above captioned adversary proceeding ("Adversary Proceeding") and the Chapter 7 Trustee of the bankruptcy estate of Jaklin Mecanik, and Jaklin Mecanik ("Debtor", but together with Plaintiff, the "Parties"), the defendant in the Adversary Proceeding and the debtor in the underlying Chapter 7 bankruptcy case, as follows:

**WHEREAS**, on January 30, 2012 (the "Filing Date"), Debtor filed a voluntary petition for relief from her creditors pursuant to Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code"); and

**WHEREAS,** on February 28, 2012, a first meeting of creditors (the "First Meeting"), pursuant to 11 U.S.C. § 341, was held whereat Plaintiff qualified as permanent trustee of Debtor's Estate; and

**WHEREAS,** on March 8, 2012, an adjourned First Meeting was held and Debtor testified that she had managed various real properties on behalf of her husband, Sharok Jacobi, and Plaintiff requested that Debtor produce a schedule describing all corporations in which Debtor had an interest and all real properties that these corporations supposedly managed and/or owned, as well as a copy of the pleadings in the matrimonial action that was pending in the Supreme Court of the State of New York, County of Nassau between Debtor and Sharok Jacobi (the "Matrimonial Action"); and

**WHEREAS,** by letter, dated April 25, 2012 (the "April Demand Letter"), to Debtor's then counsel, Jose A. Polanco, Esq., Plaintiff requested that Debtor produce, *inter alia*, the following: (i) copies of all pleadings from the Matrimonial Action; (ii) a copy of the trust agreement about which Debtor previously testified; (iii) a copy of Debtor's Social Security card; (iv) copies of Debtor's last filed federal and state income tax returns; (v) copies of the deeds to 57 Steamboat, 7 Allen, and 15 Carriage Road, Great Neck, New York; and (vi) a copy of a certain IRS garnishment and restraint; and

**WHEREAS,** Debtor did not respond to the April Demand Letter; and

**WHEREAS,** Plaintiff, by his counsel, conducted a Westlaw public records search, which identified a significant amount of real property and business interests in which Debtor may have possessed and interest and transactions to which she was a party, which prompted Plaintiff's counsel to send a letter, dated July 12, 2012 (the "July Demand Letter"), from Plaintiff's counsel to Debtor's substitute counsel, Allen Kolber, Esq., in which Plaintiff requested that Debtor produce, *inter alia,* the following: (i) various documents regarding the ownership and transfer of thirteen (13) real properties located in Great Neck, Far Rockaway, and Lawrence, New York; (ii) various documents concerning a certain Hilton time share (the "Hilton Time Share") believed to be owned by Debtor and/or Debtor's husband, Sharok Jacobi; (iii) various documents regarding the ownership of and/or transfer of twenty-one (21) business entities in which it was believed that Debtor and/or her husband possessed an interest; (iv) all trust agreements for which Debtor is a grantor, trustee, and/or beneficiary; (v) Debtor's

last filed state and federal income tax returns; (vi) various documents related to the Matrimonial Action; (vii) any warrants, judgments, garnishments or restraints from the IRS, New York Department of Taxation and Finance and/or any other taxing authority; and (viii) a copy of Debtor's Social Security card; and

**WHEREAS,** Debtor failed to respond to the July Demand Letter; and

**WHEREAS,** by letter (the "October Demand Letter"), dated October 23, 2012, to Debtor's counsel, Plaintiff, by his counsel, demanded that Debtor produce the documents and information requested in the July Demand Letter; and

**WHEREAS,** Debtor failed to respond to the October Demand Letter; and

**WHEREAS,** on or about December 21, 2012, Plaintiff, by his counsel, filed a motion (the "Motion to Compel") seeking an order compelling Debtor to turn over the documents and information requested by Plaintiff in the April Demand Letter, July Demand Letter, and October Demand Letter; and

**WHEREAS,** on January 24, 2013, the Court entered an Order (the "Order to Compel"), granting the Motion to Compel and ordering that Debtor turn over to Plaintiff the documents and information demanded by Plaintiff in the April Demand Letter and July Demand Letter on or before February 8, 2013; and

**WHEREAS,** Debtor failed to turn over the majority of the documents and information that were required to be produced under the Order to Compel; and

**WHEREAS,** in light of the foregoing, Plaintiff, on or about March 18, 2013, filed and served a complaint (the "Complaint") against Debtor, commencing the Adversary Proceeding, seeking: (i) the denial of Debtor's discharge pursuant to 11 U.S.C. §§ 727(a)(2), (3), (4), (5), and (6); (ii) an accounting of various assets and rental income; and (iii) the turnover of all property of the Estate; and

**WHEREAS,** on April 17, 2013, Debtor, by her counsel, filed an answer (the "Answer") to the Complaint denying the allegations contained therein and asserted several affirmative defenses; and

**WHEREAS,** on or about August 6, 2013, Plaintiff filed and served a motion for summary judgment (the "Summary Judgment Motion") seeking the entry of judgment denying Debtor's discharge pursuant to 11 U.S.C. §§ 727(a)(2), (3), (4), (5), and (6); and

**WHEREAS,** a hearing on the Summary Judgment Motion is currently scheduled for January 7, 2014; and

**WHEREAS,** Debtor does not intend to oppose the Summary Judgment Motion and has no objection to the entry of judgment denying Debtor's discharge; and

**WHEREAS,** since the Adversary Proceeding was commenced, Debtor has provided some accounting of her assets and income; and

**WHEREAS,** Plaintiff's independent investigation, as well as the additional documents and information provided by Debtor subsequent to the commencement of the Adversary Proceeding, has revealed that there are no non-exempt assets exceeding *de minimis* value for Debtor to turnover to Plaintiff; and

**WHEREAS**, in light of the foregoing, the Parties are desirous of concluding the Adversary Proceeding in an amicable fashion; and

**NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED AND ORDERED AS FOLLOWS:**

1. **<u>Recitals</u>**.  The foregoing recitals are incorporated herein and shall constitute a part of this Stipulation.

2. **<u>Effective Date</u>**.  This Stipulation shall be effective and binding upon the Parties as of the date (the "Effective Date") on which an order approving this Stipulation is entered by the Court and becomes final and non-appealable.

3. **Denial of Discharge**.  The Chapter 7 discharge of the Debtor Jaklin Mecanik be and hereby is denied in its entirety pursuant to 11 U.S.C. § 727(a)(3), (5), and (6).

4. **Adversary Proceeding**.  Upon the Effective Date, the Adversary Proceeding shall be discontinued with prejudice and without costs to either of the Parties pursuant to Bankruptcy Rule 7041.

5. **Representations and Acknowledgments**.  Both signatories to this Stipulation represent and acknowledge that they have the requisite authority to execute this Stipulation.

6. **Subject to Court Approval**.  The terms of this Stipulation are subject to the approval of the Bankruptcy Court. In the event that the Bankruptcy Court fails to approve the terms and conditions of this Stipulation, nothing contained herein shall be deemed to be an admission by any party hereto and is without prejudice to any and all rights and remedies of any party hereto.

7. **No Modifications**.  This Stipulation may not be altered, modified or changed in any manner unless in a writing signed by the parties thereto and subject to Order of the Bankruptcy Court.

8. **Choice of Law/Venue.**  The Parties agree that this Stipulation shall be governed by the substantive laws of the State of New York, without reference to choice of law principles, and that venue of any action to enforce or interpret this Stipulation shall be exclusively in the above-captioned Court.

9. **Multiple Counterparts**.  This Stipulation may be executed in multiple counter parts and/or by facsimile signatures, each of which shall be deemed an original and all of which, when taken together, shall constitute one and the same instrument having full force and effect.

10. **Entire Agreement**.  This Stipulation contains the entire agreement between the Parties concerning the subject matter of the Stipulation and same supercedes all prior agreements, understandings, discussions, negotiations and undertakings between the Parties concerning the subject

matter of the Adversary Proceeding, whether written or oral. This Stipulation may not be changed or modified except in a writing signed by the Parties.

11. **Construction**. Any construction to be made of this Stipulation shall not be construed for or against either Party, but rather shall be given a fair and reasonable interpretation based on the plain language of the Stipulation and the expressed intent of the Parties.

12. **Binding Effect**. This Stipulation and each term hereof shall be binding upon and inure to the benefit of the Trustee, the Estate, Debtor, and their respective legal representatives, successors and assigns.

13. **Headings**. The headings of sections contained in this Stipulation are for convenience only and shall not be deemed to control or affect the meaning or construction of any provision of this Stipulation.

**IN WITNESS WHEREOF,** the undersigned counsel for the Parties and Debtor herself hereto have executed this Stipulation as of the date of this Stipulation.

| PRYOR & MANDELUP, L.L.P. | THE LAW OFFICES OF ALLEN A. KOLBER |
|---|---|
| Attorneys for the Trustee | Attorneys for Debtor |

By: */s/ J. Logan Rappaport*          By:     */s/ Allen A. Kolber*
   J. Logan Rappaport                      Allen A. Kolber
   675 Old Country Road                    134 Route 59, Suite A
   Westbury, New York 11590                Suffern, New York 10901
   (516) 997-0999                          (845) 918-1277
   LR@pryormandelup.com                    allen.kolber@gmail.com

Dated: December _19__, 2013          */s/ Jaklin Mecanik*
                                          Jaklin Mecanik, Debtor

*/s/ Jackiline Sarraf*
**Jackiline Sarraf**
**Notary Public State of New York**
**No.  01SA6119980**
**Qualified in Nassau County**
**Commission Expires Dec. 13, 2016**

**"SO ORDERED"**